Charles YODER, Plaintiff,

v.

Lynn OESTREICH, Gary R. McCaughtry, Dean Fuller and Dick Verhagen, Defendants.

Charles C. DOWNING, Plaintiff,

v.

Lynn OESTREICH, Gary McCaughtry, Dean Fuller and Dick Verhagen, Defendants.

Nos. 93–C–0004–S, 93–C–0025–S.

United States District Court, W.D. Wisconsin.

May 7, 1993.

Charles D. Yoder, pro se.

Charles C. Downing, pro se.

David E. Hoel, Asst. Atty. Gen., Madison, WI, for defendants.

## ORDER

SHABAZ, District Judge.

Plaintiffs were allowed leave to proceed *in forma pauperis* on their First Amendment claims. Plaintiffs allege in their complaints that an article was removed from their newspapers for other than security reasons.

On March 15, 1993 the above entitled cases were consolidated. On March 25, 1993 plaintiffs moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, submitting proposed findings of fact and conclusions of law, affidavits and a brief in support thereof. On April 5, 1993 defendants moved for summary judgment and opposed plaintiffs' motion. According to this Court's March 1, 1993 scheduling order plaintiffs' response to defendants' motion for summary judgment was to be filed not later than April 26, 1993 and has not been filed to date.

On May 5, 1993 plaintiff Yoder filed a motion for voluntary dismissal of his case without prejudice. The Court believes that because defendants have put forth extensive effort in pursuing their motion for summary judgment and plaintiffs have failed to respond, a dismissal without prejudice is not appropriate. Federal Rules of Civil Procedure, Rule 41(a)(2). Accordingly, the Court will address the merits of the pending motions for summary judgment.

On a motion for summary judgment the question is whether any genuine issue of material fact remains following the submission by both parties of affidavits and other supporting materials and, if not, whether the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. An adverse party may not rest upon the mere allegations or denials of the pleading, but the response must set forth specific facts showing there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

There is no issue for trial unless there is sufficient evidence favoring the non-moving party that a jury could return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## FACTS

For purposes of deciding the motions for summary judgment the Court finds that there is no genuine dispute as to any of the following material facts.

At all times relevant to this action plaintiffs Charles D. Yoder and Charles C. Downing were inmates at the Waupun Correctional Institution, Waupun, Wisconsin (WCI). Defendant Gary R. McCaughtry was the warden at WCI and defendant Lynn Oestreich was the associate director-security. Defendant Dean Fuller was a captain at WCI. Defendant Dick Verhagen is the Deputy Ad-

ministrator of the Department of Corrections, Division of Adult Institutions.

On November 19, 1992 defendant Verhagen sent a memorandum to all wardens concerning the November 18–December 1, 1992 edition of *The Madison Edge* newspaper. The memorandum stated that the newspaper contained an article entitled "Chronicle of a Death Foretold" which "could place in serious jeopardy the welfare and safety of all staff as well as the security of your institution". The article was written by prison inmate Adrian Lomax and predicted the death of correctional officer Patricia Garro at the hands of a prisoner. The memorandum provided that the newspaper was not to be distributed to inmates.

On November 23, 1992 defendant Verhagen sent another memorandum to the wardens directing them to remove the Lomax article from the newspapers before distributing them to the inmates. The wardens were directed not to destroy or refuse to deliver the remainder of the newspapers.

At WCI the article was excised from the newspapers before they were distributed. On November 24, 1992 defendant Fuller excised the article from approximately 12 copies of *The Madison Edge* newspaper including the plaintiffs' copies. He was not advised to preserve the material on the other side of the article and did not do so. Plaintiffs were subsequently provided with copies of this material. Defendant Oestreich notified the inmates that the article was removed because it threatened the security of the prisons, correctional staff and advocated violent behavior that violates state law.

On December 1, 1992 plaintiff Yoder filed an appeal concerning the deletion of this article. On December 3, 1992 defendant McCaughtry affirmed the decision to excise the article and denied the appeal. Plaintiff Downing also appealed the excision of the article which defendant McCaughtry denied on December 14, 1992.

## CONCLUSIONS OF LAW

Plaintiffs claim that the defendants violated their First Amendment rights. Since there is no genuine issue of material fact, this case may be decided as a matter of law.

■ The restrictions on an inmate's access to publications does not violate his First Amendment rights if it is reasonably related to legitimate penological interests. *Turner v. Safely,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *Thornburgh v. Abbott,* 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989). Reasonableness is decided by addressing the following factors:

1. Whether a valid, rational connection exists between the regulation and a legitimate government interest;

2. Whether there are alternative means available to the prisoner to exercise the right in question;

3. The impact accommodation the asserted constitutional right would have on guards and other inmates and on the allocation of prison resources and

4. The existence of obvious, easy alternatives.

*Williams v. Lane,* 851 F.2d 867, 877 (7th Cir.1988).

■ The Lomax article advocates violence against a correctional officer. This threat creates a risk of disorder and undermines the safety and security of the staff and inmates. After considering the *Williams* factors, the Court finds that the decision to excise the Lomax article from *The Madison Edge* newspaper was reasonably related to the legitimate penological objective of maintaining security and did ·not violate plaintiffs' First Amendment rights. *Thornburgh,* 490 U.S. at 417, 109 S.Ct. at 1883.

■ Plaintiffs contend that additional material was excised from the newspaper, specifically the article on the other side and some advertisements appearing next to the Lomax article. This material has now been provided plaintiffs. The delay in the provision thereof did not violate plaintiff's First Amendment rights according to *Thornburgh.*

Plaintiffs' First Amendment rights were not violated by defendants. Accordingly, the defendants' motion for summary judgment will be granted.

ORDER

IT IS ORDERED that plaintiff Yoder's motion to voluntarily dismiss this action without prejudice is DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that defendants' motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that judgment be entered in favor of the defendants and against the plaintiffs DISMISSING their complaints and all claims contained therein with prejudice and costs.